959 F.2d 1102
 295 U.S.App.D.C. 98
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
OLIVER T. CARR COMPANY, Appellant,
v.
UNITED TECHNOLOGIES COMMUNICATIONS COMPANY.
 No. 90-7035.
 United States Court of Appeals, District of Columbia Circuit.
 April 14, 1992.
 
 Before RUTH BADER GINSBURG, SILBERMAN and CLARENCE THOMAS*, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 In early 1991 we issued a memorandum opinion resolving several of the issues in this case, which involves appellee United's request for attorney's fees and costs incurred in litigation over a contract to provide a telephone system to appellant Carr. See Oliver T. Carr Co. v. United Technologies Communications Co., No. 90-7035, Memorandum (D.C.Cir. Jan. 16, 1991). We determined that the district court had abused its discretion in finding that Carr acted in bad faith in pursuing the litigation. See id. at 4-5. We also held that Carr could not maintain on appeal, because it had not raised in the district court, (1) the argument that the contract does not permit an award of fees to United covering litigation of United's counterclaim for the price of some additional equipment, and (2) the argument that the entire fee award was unreasonably large. See id. at 5 & n. 4.
 
 
 2
 We were unable, however, to determine confidently the District of Columbia law governing the two questions of law remaining in the case: whether the contract allows United to recover attorney's fees incurred in defending against Carr's breach of warranty claim ("defensive fees"), and whether the contract allows United to recover attorney's fees incurred in litigating the amount of the fee award ("secondary fees"). We therefore certified those questions to the District of Columbia Court of Appeals. See Oliver T. Carr Co. v. United Technologies Communications Co., No. 90-7035, Certification of Question of Law (D.C.Cir. Jan. 16, 1991).
 
 
 3
 The District of Columbia Court of Appeals has now answered our questions. See Oliver T. Carr Co. v. United Technologies Communications Co., No. 91-58 (D.C. Mar. 10, 1992). We are told that "[u]nder the terms of the parties' contract, ... [United] is not entitled to any fees associated with its defense against Carr's complaint, including 'secondary fees.' " Id. at 10. United is, however, "entitled to recover from Carr whatever amount of the so-called 'secondary fees' the trial court ultimately determines is reasonable and attributable solely to [United's] counterclaim." Id.
 
 
 4
 We conclude, in light of our previous memorandum and the District of Columbia Court of Appeals' opinion, that there is no need for a further opinion at this stage of the case. See D.C.Cir.R. 14(c). It is therefore
 
 
 5
 ORDERED and ADJUDGED by this Court that the district court judgment from which this appeal has been taken be vacated, and the case remanded. On remand, the district court shall award appellee only those reasonable attorney's fees attributable to its counterclaim, including fees incurred in litigating the fee award related to that counterclaim. It is
 
 
 6
 FURTHER ORDERED by this Court, on its own motion, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 
 
 *
 Former Circuit Judge Thomas, now an Associate Justice of the Supreme Court of the United States, was a member of the panel when the case was argued and when our January 16, 1991 memorandum and order were issued, but did not participate in this judgment